UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE MAURICIO REYES,<br><br>      Petitioner,<br><br>      -v.-<br><br>JAMES MCHENRY, *as Director, Executive Office for Immigration Review*; GARRY D. MALPHRUS, *as Member, Board of Immigration Appeals, Executive Office for Immigration Review*; EDWARD F. KELLY, *as Member, Board of Immigration Appeals, Executive Office for Immigration Review*; HUGH G. MULLANE, *as Member, Board of Immigration Appeals, Executive Office for Immigration Review*; WILLIAM P. BARR, *as Attorney General, U.S. Department of Justice*; and THOMAS DECKER, *as Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement*,<br><br>      Respondents. | 19 Civ. 8674 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

  Petitioner Jose Mauricio Reyes filed his petition for writs of prohibition and mandamus on September 18, 2019, claiming violations of the Administrative Procedure Act (the "APA") and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. (Dkt. #1, 3). After participating in an initial pretrial conference with the Court on January 27, 2020, Petitioner moved for discovery on both his APA and due process claims and, in the alternative, to stay his motion for discovery on his APA claims until the Government filed the administrative record in the case. (Dkt. #46). Two weeks later, on March 11, 2020, the Government filed the certified administrative

record in the case (Dkt. #47, 47-1), and two days after that, the Government filed its opposition to Plaintiff's motion for discovery (Dkt. #48).

This Order requires each side to produce supplemental information to the Court. Beginning with Respondents, the Court observed the manner in which they discussed the administrative record in their opposition submission. Among other things, Respondents contended that the administrative record was "a clear record of proceedings and decisions of the agency that is complete and sufficient to permit this Court to adjudicate plaintiff's APA claim" (Dkt. #48 at 8); and that it "contains all of the documents that were before the agency at the time the agency rendered its decision" (*id.*). Respondents also asserted "[n]ot so" to Petitioner's claims that the administrative record was incomplete, though it is less clear to the Court that this denial also applied to Petitioner's argument, which Respondents decried as "sheer speculation," that "the BIA had relied on materials not in the forthcoming administrative record" (Dkt. #48 at 6; *see also id.* at 12 ("Based on this slender and inadequate reed, the rest of the brief spins out pure speculation that there must be materials that the BIA considered but that are not part of the administrative record.")). To clarify its own understanding, the Court ORDERS Respondents to advise the Court, in writing, if the Board of Immigration Appeals (the "BIA") considered, directly or indirectly, any "policies, practice documents, guidelines, directives, or metrics" (Dkt. #46 at 15) in sustaining the Government's appeal of the Immigration Judge's bail decision as to Petitioner. If any such materials were considered, the Court further directs Respondents to identify them in the administrative

record or explain the reasons why they were withheld from production. This letter submission is due on or before **April 10, 2020.**

Turning to Petitioner, the Court observes that he now has the administrative record, and will in two weeks have a supplemental letter from the Government clarifying its completeness. To the extent that either of these submissions causes Petitioner to withdraw any of the arguments in his discovery motion, he is ORDERED to advise the Court in writing of same on or before **April 17, 2020.** Petitioner is admonished not to use this submission as the reply brief he was not permitted to file.

SO ORDERED.

Dated: March 30, 2020
New York, New York

KATHERINE POLK FAILLA
United States District Judge