UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE MAURICIO REYES,<br><br>      Petitioner,<br><br>      -v.-<br><br>JAMES MCHENRY, *as Director, Executive Office for Immigration Review*; GARRY D. MALPHRUS, *as Member, Board of Immigration Appeals, Executive Office for Immigration Review*; EDWARD F. KELLY, *as Member, Board of Immigration Appeals, Executive Office for Immigration Review*; HUGH G. MULLANE, *as Member, Board of Immigration Appeals, Executive Office for Immigration Review*; WILLIAM P. BARR, *as Attorney General, U.S. Department of Justice*; and THOMAS DECKER, *as Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement*,<br><br>      Respondents. | 19 Civ. 8674 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

  Petitioner Jose Mauricio Reyes filed his petition for writs of prohibition and mandamus on September 18, 2019, alleging that the Board of Immigration Appeals (the "BIA") violated the Administrative Procedure Act (the "APA") and the Due Process Clause of the Fifth Amendment to the U.S. Constitution when it vacated an Immigration Judge's bond decision. (Dkt. #1, 3). On February 21, 2020, Petitioner moved for extra-record discovery on both his APA and due process claims. (Dkt. #46). Two weeks later, on March 11, 2020, the Government filed the certified administrative record (Dkt. #47), and shortly thereafter filed its opposition to Petitioner's motion for discovery (Dkt. #48). By Order dated March 30, 2020, the Court requested supplemental

information from the parties (Dkt. #49), and on April 10, 2020, Respondents advised the Court that the "BIA did not consider, directly or indirectly, any policies, practice documents, guidelines, directives, or metrics" beyond the materials in the administrative record in sustaining the Government's appeal of the Immigration Judge's bail decision. (Dkt. #50). In response to these representations, Petitioner withdrew his request for discovery as it pertained to his APA claim. (Dkt. #51). Before the Court is Petitioner's motion for discovery as to his due process claim.

Having reviewed the parties' submissions and supplemental submissions, the Court DENIES Petitioner's motion for discovery. Because Petitioner has withdrawn his motion for discovery on the APA claim, the Court will focus on Petitioner's due process claim. Petitioner argues that Respondents violated his due process rights by "holding Mr. Reyes to be a danger based on *de novo* factual findings, applying incorrect legal standards, and unambiguously mischaracterizing the factual record" (Dkt. #3 (Pet. ¶ 73)), and by "relying on a charge listed in the certificate of disposition as if it occurred" (*id.* at ¶ 74). These claims are coextensive with the APA and focused legal errors made by the BIA, for which extra record discovery is improper. *See, e.g.*, *J.L.* v. *Cissna*, No. 18 Civ. 4914 (NC), 2019 WL 2224851, at *1 (N.D. Cal. Mar. 8, 2019) (denying extra-record discovery because due process claims challenging the agency's application of governing regulations and a change in agency practice "substantially overlap[] with Plaintiffs' APA claims").

2

For the same reason, the cases cited by Petitioner in his submissions do not compel discovery. Those cases address situations in which the proponents of extra-record discovery plead and offer some evidence of constitutional violations distinct from the alleged APA violations. *See, e.g., Vidal* v. *Duke*, No. 16 Civ. 4756 (NGG) (JO), 2017 WL 8773110, at *2 (E.D.N.Y. Oct. 17, 2017) (allowing extra-record discovery because due process claims "challenge[d] agency actions other than the decision to end the DACA program," such as the failure to give individualized notice to DACA recipients and a change in policy to use DACA applications for immigration enforcement); *Grill* v. *Quinn*, No. 10 Civ. 757 (GEB) (GGH), 2012 WL 174873, at *3 (E.D. Cal. Jan. 10, 2012) (allowing extra-record discovery on due process claim alleging bias on behalf of the decision-maker, distinct from APA claim about denial and revocation of construction permit); *see also New York* v. *U.S. Dep't of Commerce*, 345 F. Supp. 3d 444, 452 & n.9 (S.D.N.Y. 2018) (authorizing extra-record discovery after finding that plaintiffs successfully alleged that defendants "acted with a racially discriminatory intent or purpose," but cautioning that plaintiffs cannot "evade the APA record rule merely by bringing a constitutional claim"). Here, by contrast, Petitioner's due process claim boils down to an allegation that the BIA committed legal errors in reviewing the administrative record. There is no allegation in the Petition that the BIA was motivated by animus or bias, nor that the record was improperly shaped by policies or guidance beyond materials in the administrative record. In fact, Petitioner has accepted Respondents' representation that the BIA considered no "'policies, practice

3

documents, guidelines, directives, or metrics" beyond the administrative record.  (Dkt. #51).  As pleaded, Petitioner's due process claim rises and falls on whether the BIA applied the proper legal standards to the administrative record.  Therefore, the Court DENIES Petitioner's motion for discovery.  The Clerk of Court is directed to terminate the motion at docket entry 46.

SO ORDERED.

Dated:  August 3, 2020
        New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge